```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION


CONSTRUCTION SERVICES, INC.                          PLAINTIFF


VS.                              CIVIL ACTION NO. 4:06CV126LS


REGENCY HOSPITAL COMPANY AND
REGENCY HOSPITAL OF JACKSON, LLC                    DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Regency Hospital Company (Regency) to dismiss complaint and compel arbitration pursuant to § 4 of the Federal Arbitration Act, 9 U.S.C. § 4, and the Mississippi Construction Arbitration Act, Miss. Code Ann. § 11-15-101 et seq. Plaintiff Construction Services, Inc. has not responded to the motion. Having considered the memoranda of authorities, together with attachments, submitted by Regency in support of the motion, the court concludes that the motion is well taken and should be granted.

Construction Services filed this suit in the Circuit Court of Lauderdale County, Mississippi seeking to recover $164,855.98 claimed to be due for labor and materials it furnished to Regency pursuant to a contract on a construction project at St. Dominic Hospital in Jackson. Regency removed the case based on diversity

jurisdiction,[1] and promptly moved to dismiss the complaint and compel arbitration based on an arbitration provision in the parties' contract which provides in pertinent part as follows:

> A Claim is a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract.
> . . .
> Claims . . . shall be referred initially to the Architect for decision.
> . . .
> Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.
> . . .
> Any Claim arising out of or related to the Contract, except claims relating to the aesthetic effect and except those waived as provided for in Subparagraphs 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration.  Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions with Paragraph 4.5.
>
> Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect.  The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration

---

[1] The requisites for diversity are met. The amount in controversy exceeds $75,000 and there is complete diversity of citizenship: Construction Services is a Mississippi corporation, and Regency is a Georgia corporation. See 28 U.S.C. § 1332.

> Association, and a copy shall be filed with the Architect.
>
> The foregoing agreement to arbitrate . . . shall be specifically enforceable under applicable law in any court having jurisdiction thereof.
> . . .
> The award rendered by the arbitrator shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

Congress provided in the Federal Arbitration Act (FAA) that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.[2]  In accordance with Section 4 of the FAA, "if a party to an agreement refuses to arbitrate, the opposing party may bring an action to compel arbitration, and after hearing the parties the court 'being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue,' shall direct the parties to arbitrate."  Bhatia v. Johnston, 818 F.2d 418, 421 (5th Cir. 1987) (quoting 9 U.S.C. § 4); 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which [would have subject matter jurisdiction under Title 28] for an order directing that such arbitration proceed in the manner provided for in such agreement.").  If, on the other

---

   [2]   It is apparent that the present controversy involves interstate commerce, as demonstrated by Regency in its motion.

hand, "'the making of the arbitration agreement or the failure . . . to perform the same be in issue, the court shall proceed summarily to the trial thereof.'" Id. (quoting § 4).

In determining whether it is in order to compel arbitration under the Federal Arbitration Act, the court conducts a two-step inquiry, asking first whether the parties agreed to arbitrate the dispute in question, and then, "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." Webb v. Investacorp, Inc., 89 F.3d 252, 257-58 (5th Cir. 1996). The first inquiry involves two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. . . ." Id.

Construction Services has not denied that there is a valid arbitration agreement which covers the dispute that is the subject of its complaint herein, and it has not identified any basis upon which this court might relieve plaintiff of its apparent agreement to arbitrate.[3] It follows that in accordance with the FAA, Regency is entitled to an order compelling arbitration and dismissing Construction Services' complaint.

---

[3] In a letter responding to Regency's demand for arbitration, Construction Services' counsel refused to withdraw the complaint, and refused to engage in arbitration because the AAA's fees are "oppressive." As a matter of law, this is no basis for refusing to compel arbitration of the present dispute.

An order compelling arbitration is also in order in accordance with the Mississippi Construction Arbitration Act, Miss. Code Ann. § 11-15-101 et seq., which provides that parties to "any agreement for the . . . construction, . . . repair or alteration of any building . . ."

> may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof.  Such agreement or provision shall be valid, enforceable and irrevocable without regard to the justiciable character of the controversy. Provided, however, that in the event either party to such an agreement initiates litigation against the other with respect to such agreement, such arbitration provision shall be deemed waived unless asserted as a defense on or before the responding party is required to answer to such litigation.

Miss. Code Ann. § 11-15-101; § 11-15-103.  Further, § 11-15-105 states:

> (1) Any party to an agreement or provision for arbitration subject to sections 11-15-101 through 11-15-143 claiming the neglect or refusal of another party thereto to comply therewith may make application to the court as described in sections 11-15-133 and 11-15-135 for an order directing the parties to proceed with arbitration in accordance with the terms of such agreement or provision.  If the court finds that no substantial issue exists as to the making of the agreement or provision, it shall grant the application.

The record herein reflects that no substantial issue exists as to the making of the subject arbitration agreement.

Based on the foregoing, it is ordered that Regency's motion to compel arbitration and dismiss plaintiff's complaint is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 7th day of November, 2006.

                                            /S/ Tom S. Lee
                                            UNITED STATES DISTRICT JUDGE